

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARMEN S. SIGALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:14-CV-3399-P (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Carmen S. Sigala brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision should be AFFIRMED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including back problems, carpal tunnel syndrome, hypertension, diabetes, asthma, sleep apnea, bad knees and ankles, cataracts, and a blood deficiency. After her application for DIB was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 16, 2013 and resulted in a decision denying Plaintiff benefits. At the time of the hearing, Plaintiff was 60 years old. She has a ninth grade education and a GED; she has past work experience as an airline reservation agent. Plaintiff has not engaged in substantial gainful activity since January 1, 2011.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB. Although the medical evidence established that Plaintiff suffered from obesity, lumbar spondylosis, seronegative rheumatoid arthritis, fibromyalgia, asthma, anemia, diabetes with mild thyroid imbalance, hypertension, and bunions and bone spurs with a history of surgery, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.   The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work and could return to her past relevant employment as a reservations agent.   Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

In two general grounds for relief, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because:   (1) the ALJ failed to properly consider all of her functional limitations in determining her RFC; and (2) the Appeals Council failed to properly consider all the relevant medical opinion evidence.   The parties have fully briefed these issues, and this appeal is ripe for determination.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).   The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

2

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

3

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

## RFC Assessment

Plaintiff first challenges the ALJ's finding that she has the RFC to perform her past relevant work as an airline reservation agent. A person's RFC is her ability to perform physical and mental work activities on a regular and continuing basis notwithstanding limitations from her impairments. *See* 20 C.F.R. § 404.1545. A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. *See* SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). The ALJ is responsible for determining a claimant's RFC before considering Step 4 of the sequential evaluation process if the claimant is at the ALJ hearing level. *See* 20 C.F.R. §§ 404.1546(c), 404.1520(e), and 416.920(e). In assessing the claimant's RFC, the ALJ will consider all medical evidence as well as other evidence provided by the claimant. *See* 20 C.F.R. § 404.1545(a)(3). The RFC assessment is a function-by-function assessment, with both exertional and non-exertional factors to be considered. *See* SSR 96-8p, 1996 WL 374184, at *3-*5.

4

In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence and must consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. July 2, 1996); SSR 96-8p, 1996 WL 374184, at *5. The ALJ is permitted to draw reasonable inferences from the evidence in making her decision, but the social security rulings also caution that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), superseded in part by SSR 91-7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Here, the ALJ decided the matter at step 4 of the sequential evaluation process, finding that Plaintiff was not disabled and could return to her past relevant work as an airline reservation agent. In doing so, the ALJ assessed Plaintiff's RFC and found that she was capable of performing a limited range of light work. Tr. at 52. Specifically, the ALJ found that Plaintiff could perform light work activities as defined in 20 C.F.R. § 404.1567, which means she could lift no more than 20 pounds at a time and could frequently lift and carry objects weighing up to 10 pounds. *Id.* A job in the "light" category also requires "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). The ALJ determined that Plaintiff's sitting was not restricted and that she can stand and walk for four hours in an eight-hour day. *Id.* She further determined that Plaintiff can occasionally operate foot controls; occasionally balance and stoop;

5

and frequently reach, handle, and finger. *Id.* Plaintiff cannot climb, kneel, crouch, or crawl and should avoid concentrated exposure to extremes of heat, cold, dampness, or humidity, unprotected heights, and hazardous moving machinery. *Id.* At the hearing, a vocational expert testified that Plaintiff's past relevant work as a reservation agent is classified as sedentary work. *Id.* at 93. Under the social security regulations, "if someone can do light work, . . . he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567. The ALJ found that sedentary work as a reservation agent does not require the performance of any work-related activities precluded by Plaintiff's RFC. Tr. at 57.

Plaintiff contends that the ALJ's RFC is erroneous because the record evidence establishes that she is much more limited with respect to her ability to rise from a seated position and perform the incidental standing and walking that is required of sedentary jobs. Under the social security regulations, "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 CFR § 404.1567(a). According to Plaintiff, she can stand and walk for only a few minutes and she cannot use a reclining chair because she cannot push herself to a standing position. Tr. at 76, 81-82. In support of her argument, Plaintiff points to observations by her primary care physician David Nerenberg, M.D. and a social security claims representative that she has difficulty standing up from a seated position. *Id.* at 19, 193. Dr. Nerenberg also noted during his examination of Plaintiff that she experiences pain after walking only five to ten feet and has to sit down. *Id.* at 19. The ALJ properly rejected this evidence because it is controverted by other record medical evidence and Plaintiff's own statements. At a consultative examination in January 2012, Stella Nwanko, M.D observed Plaintiff rise from a sitting position without any

6

need for support. *Id.* at 319-20. Plaintiff also told Dr. Nwanko that she could walk fifty feet "without problem" and could stand for 30 minutes. *Id.* at 318. In a function report completed in connection with her application, Plaintiff similarly represented that she could prepare meals for 45 minutes to one hour, launder clothes, water plants, care for her dog, drive a car, shop for groceries, and walk one to two blocks. *Id.* at 210-13.

Plaintiff further contends that the ALJ's determination of her RFC is flawed because it does not include any limitations resulting from her tinnitus, her obesity, the side effects of her medications, or her depression. Again, Plaintiff's assertions are contradicted by the record. The ALJ expressly considered evidence of her tinnitus, medication side effects, and obesity, but found no serious limitations resulting from these alleged impairments. Tr. at 55, 57. The ALJ also afforded Plaintiff the benefit of the doubt when she limited her RFC to avoid unprotected heights and hazardous moving machinery. *Id.* at 57. The record does not contain any evidence of limitations from depression. Indeed, Plaintiff repeatedly denied depressive symptoms, and her psychological examinations were consistently normal. *Id.* at 377, 410, 632, 636, 643. The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported by the evidence in the record. *See Morris*, 864 F.2d at 336.

In her reply brief, Plaintiff abandons her arguments regarding limitations related to mobility, tinnitus, obesity, side effects of medications, and depression and argues --- for the first time --- that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to include limitations on reaching resulting from her shoulder impairment or limitations resulting from her fibromyalgia symptoms, including dizziness, drowsiness, and fatigue. Pl. Reply at 2. These belated arguments are not properly before the court, and the court declines to consider any grounds for relief that were not raised in Plaintiff's opening brief. *Ghoman v. New*

*Hampshire Ins. Co.*, 159 F. Supp. 2d 928, 936 n. 9 (N.D. Tex. 2001) (holding that court will not consider argument raised for first time in reply brief). Upon review of the entire record, the court finds that the ALJ properly considered all of Plaintiff's functional limitations and that the ALJ's RFC assessment is supported by substantial evidence. No remand is required on this ground.

### New Evidence Presented to Appeals Council

Plaintiff also contends that remand is required because the Appeals Council failed to properly consider medical records from two of her treating physicians. The social security regulations allow a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 404.976(b); *see also Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 332 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *See id.* The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337–38 (5th Cir. 2005).

In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not *per se* require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281–82 (5th Cir. 2006) ("*Higginbotham II*")). New evidence justifies remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551–52 (5th Cir. 2003); *James v. Astrue*, No. 3:11-CV-136-BD, 2012 WL 920014, at *4 (N.D. Tex. Mar. 19, 2012). Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and

(2) there is a reasonable possibility that it would have changed the outcome of the disability determination. *See James*, 2012 WL 920014, at *4. If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *See id.* (citing *Higginbotham*, 163 F. App'x at 281–82). If the Appeals Council failed to sufficiently evaluate new medical evidence that is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded to the Commissioner so that the new evidence can be properly weighed. *See Booker v. Astrue*, No. 3:10-CV-1940-P-BF, 2011 WL 4031096, at *7 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 4048408 (N.D. Tex. Sept. 12, 2011) (collecting cases).

In this case, Plaintiff submitted new material to the Appeals Council after the ALJ issued her decision. The new material included medical records from Dr. Nerenberg and her treating rheumatologist Marcia S. Genta, M.D. *See* Tr. at 9-36. The Appeals Council considered this evidence, but rejected it because the records pertained to visits that occurred on September 4, 2013 and did not relate to the period on or before the date of the ALJ's June 18, 2013 decision. *Id.* at 2. Plaintiff contends that the subsequent medical evidence bears upon the severity of her condition during the period of alleged disability considered by the ALJ. Plaintiff further contends that Dr. Nerenberg's opinion that she is "permanently disabled," Tr. at 19, is material evidence that should have been given greater weight by the Appeals Council. Pl.'s Resp. Br. at 14.

In his treatment notes dated September 4, 2013, Dr. Nerenberg diagnosed Plaintiff as suffering from, among other things, acute exacerbation of rheumatoid arthritis with bilateral osteoarthritis. *Id.* He opined that Plaintiff:

> appears to be permanently disabled, i.e. . . . She is unable to access areas of daily living, i.e. bathroom, or kitchen facilities, because she is limited by pain and immobility after walking approximately 5-10 feet and has to sit down.

*Id.* Contrary to Plaintiff's assertions, this opinion is not material evidence because it does not create a reasonable possibility that the outcome of the disability determination would have changed. Dr. Nerenberg's opinion that Plaintiff is "permanently disabled" is not a medical opinion. Rather, it is a legal conclusion that is reserved to the Commissioner. 20 C.F.R. §404.1527(e); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Neither the Appeals Council nor the ALJ was required to consider this opinion, and it has no special significance in the Commissioner's disability determination. *See Andrade v. Astrue*, No. 4:11-CV-318-Y, 2012 WL 1106864, at *8 (N.D. Tex. Feb. 13, 2012), *rec. adopted,* 2012 WL 1109476 (N.D. Tex. Apr. 2, 2012) (holding that remand was not required where new evidence consisted of medical provider's conclusory findings that claimant was "disabled;" findings were not entitled to any special significance because legal conclusions regarding disability are reserved to the ALJ); *Price v. Astrue*, No. 3:09-CV-1275-BD, 2011 WL 888260, at *3–*4 (N.D. Tex. Mar. 11, 2011) (same where new evidence was opinion of a Texas Department of Assistive and Rehabilitative Services counselor that plaintiff is "unable to work at this time").

Even if considered, Dr. Nerenberg's opinion would not have changed the outcome of the disability determination. As discussed above, the ALJ properly rejected Plaintiff's testimony concerning her mobility issues because it is controverted by other record medical evidence and her own statements. *See* Tr. at 318-20, 210-13. Plaintiff further concedes that Dr. Genta's September 4, 2013 report contains cumulative evidence as it "reflect[s] similar findings to those which were obtained prior to the date of the ALJ's decision." Pl.'s Resp. Br. at 14. Cumulative

evidence is not material evidence that justifies a remand. *See Price*, 2011 WL 888260, at *3–*4. Finally, to the extent Plaintiff suggests that remand is required because the Appeals Council failed to specifically address any new evidence, her argument is unavailing. *See* Pl. Br. at 15. The Appeals Council is not required to provide a detailed analysis of, or otherwise explain the weight given to, new evidence. *See Higginbotham*, 405 F.3d at 335 n. 1; *Henderson v. Astrue*, No. 3:10-CV-0589-D, 2011 WL 540286 at *4 (N.D.Tex. Feb.15, 2011); *Price*, 2011 WL 888260, at *4 n.2. The Court thus finds that the new evidence Plaintiff submitted to the Appeals Council after the ALJ issued her decision is not material because it does not undermine the ultimate disability determination. Remand is not required.

## **RECOMMENDATION**

The final decision of the Commissioner should be AFFIRMED.

SO ORDERED, July 28, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).